# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| KCI AUTO AUCTION, INC., | ) |
| :--- | :--- |
| | ) |
| Judgment Creditor, | ) |
| | ) |
| vs. | ) Case No. 19-1040-EFM-GEB |
| | ) |
| TOM EPHREM, et al. | ) |
| | ) |
| Judgment Debtors. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Judgment Creditor KCI Auto Auction, Inc.'s Motion to Compel and Request for Sanctions against Judgment Debtors Angelo Jefferson, Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Quality Used Cars, LLC for Failure to Respond to Discovery Requests and Suggestions in Support of the Same ("Motion to Compel and Request for Sanctions") (**ECF No. 40**). Due to the Judgment Debtors' failure to respond to the discovery requests at issue and failure to respond to the Motion to Compel and Request for Sanctions, this Court ordered all Judgment Debtors to appear in-person on October 4, 2019 to show cause why the Motion to Compel and Request for Sanctions should not be granted as unopposed.

Judgment Creditor, KCI Auto Auction, Inc., appeared through counsel, Shawn E. Stewart for the October 4, 2019 hearing. Judgment Debtor Barry Ristick appeared in-person for the October 4, 2019 hearing.[1] All other Judgment Debtors failed to appear at

---

[1] At the October 4, 2019 hearing, Mr. Ristick stated he was in the process of hiring an attorney to represent him in this matter. However, no attorney showed up at the October 4, 2019 hearing on

1

the October 4, 2019 hearing. After consideration of the Motion to Compel and Request for Sanctions, all exhibits, and the arguments made at the October 4, 2019 hearing, the Court **GRANTS** the Motion to Compel and Request for Sanctions as to Judgment Debtors Angelo Jefferson, David Ephrem, Danny Ephrem, Tom Ephrem and Quality Used Cars, LLC, and **GRANTS IN PART AND DENIES IN PART** the Motion to Compel and Request for Sanctions as to Judgment Debtor Barry Ristick.

## I. Background

On February 22, 2019, Judgment Creditor KCI Auto Auction, Inc. ("KCI") registered a foreign judgment in this Court for enforcement against Judgment Debtors Angelo Jefferson, Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Quality Used Cars, LLC ("Judgment Debtors").[2] The foreign judgment registered stems from a case filed by KCI against the Judgment Debtors in the United States District Court for the Western District of Missouri, captioned *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al*, Case Number 17-06086-CV-SJ-NKL.

In that case, KCI brought suit against the Judgment Debtors (and others) for breach of contract, action on account, promissory estoppel, account stated, fraudulent misrepresentation, fraudulent conveyance, unjust enrichment and quantum merit, conversion, replevin, civil conspiracy, constructive trust, injunctive relief, negligence per

---

Mr. Ristick's behalf. No attorney has since entered in his or her appearance on behalf of Mr. Ristick.
[2] ECF No. 1.

se and alter ego/piercing the corporate veil.[3] These allegations arise from certain business transactions and dealings involving motor vehicles that the Judgment Debtors and the other defendants purchased from KCI.[4] Highly summarized, KCI, a wholesale motor vehicle auctioneer located in Missouri, sold vehicles to the Judgment Debtors and the other defendants pursuant to a "floor plan" account for which the Judgment Debtors and the other defendants, after taking possession of the vehicles, did not pay in full.[5]

On January 5, 2018, the Western District of Missouri Court entered a Consent Judgment in favor of KCI and against each of the Judgment Debtors "on the grounds that the Settling Defendants, jointly and severally, committed acts of fraud as alleged in Plaintiff's First Amended Complaint that have caused and resulted in damages to Plaintiff, for which the Settling Defendants agree and consent to in the amount of Three Hundred Thousand Dollars ($300,000.00), until paid, as a valid and enforceable judgment against the Settling Defendants."[6] This is the foreign judgment KCI registered in this Court for enforcement.[7]

On April 5, 2019, KCI served each Judgment Debtor with a First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production Documents.[8] The discovery requests were served upon each Judgment Debtor via the

---

[3] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.), *see generally* First Amended Complaint (ECF No. 41, filed Sept. 12, 2017).
[4] *Id.*
[5] *Id.* at Order on Plaintiff KCI Auto Auction's Motion for Summary Judgment, pp. 1-3 (ECF No. 115, filed April 13, 2018).
[6] *Id.* at Consent Judgment, p. 1 (ECF No. 97, filed January 5, 2018).
[7] ECF No. 1.
[8] ECF No. 21; copies of the discovery requests are attached to the Motion to Compel and Request for Sanctions at ECF Nos. 40-1 through 40-6.

3

United States Postal Service with tracking confirmation numbers, all of which are shown on the tracking database of USPS.com as having been delivered to the last known addresses of the Judgment Debtors.[9] Responses to the discovery requests were due May 6, 2019, but none of the Judgment Debtors responded.[10]

On May 24, 2019, KCI's counsel sent each of the Judgment Debtors letters requesting their discovery responses by June 3, 2019, and requesting the Judgment Debtors to contact counsel by phone upon receipt of the letters.[11] The letters also cautioned the Judgment Debtors if responses to the discovery were not received by June 3rd, then KCI would file a motion to compel the answers and to request sanctions.[12] KCI's counsel also left a telephone message with Judgment Debtor Tom Ephrem.[13] However, no responses from any of the Judgment Debtors were forthcoming.[14]

Thus, on June 4, 2019, KCI filed the instant Motion to Compel and Request for Sanctions. KCI asks the Court to order each of the Judgment Debtors to fully respond to the discovery requests and to deem any potential objections to the discovery requests waived. KCI also requests the Court to award it reasonable expenses, including attorney's fees, caused by the Defendants' failure to respond to the discovery requests.[15]

---

[9] ECF No. 40, pp. 3-4, n.1.
[10] *Id.* at p. 4.
[11] *Id.* at p. 4; *see* ECF No. 40-7 for copies of the letters.
[12] *Id*.
[13] *Id*. at p. 5.
[14] *Id.*
[15] *Id.* at pp. 9-10.

Because none of the Judgment Debtors responded to the Motion to Compel and Request for Sanctions, the Court filed a Notice of Hearing and Order to Show Cause for the Judgment Debtors to appear in person on October 4, 2019, to show cause why the Motion to Compel and Request for Sanctions should not be granted as unopposed.[16] The Notice of Hearing and Order to Show Cause was served upon each Judgment Debtor by mail to their last known address.[17] Even though mailing is sufficient to accomplish service,[18] the Court also ordered the U.S. Marshals to personally serve the Notice of Hearing and Order to Show Cause on each Judgment Debtor.[19] KCI appeared at the October 4th hearing through its counsel. Barry Ristick was the only Judgment Debtor to appear for the October 4th hearing.

**II.  Legal Standard**

Pursuant to Fed. R. Civ. P. 69(a)(2), in "aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Here, KCI, the Judgment Creditor, has issued interrogatories pursuant to Fed. R. Civ. P. 33 and requests for production of documents pursuant to Fed. R. Civ. P. 34, to the Judgment Debtors in order to learn about the Judgment Debtors' assets, property and income from which the Consent Judgment may be satisfied.

---

[16] ECF No. 41.
[17] *See* Notice of Mailing, filed September 13, 2019.
[18] *See* Fed. R. Civ. P. 77(d) and Fed. R. Civ. P. 5(b)(2)(C).
[19] Due to the evasiveness by the Judgment Debtors, personal service was not accomplished on all Judgment Debtors. *See* ECF Nos. 42-46, 48. However, as stated above, service by mail to each of the Judgment Debtors' last known addresses was accomplished and is sufficient service.

Rules 33 and 34 each allow thirty days for responses to interrogatories and requests for production of documents.[20] Per Rule 37(a)(3)(B)(iii) and (iv), if a party fails to timely answer an interrogatory or respond to a document request, the party seeking discovery may move for an order compelling an answer or response.

## III. Duty to Confer

Before the Court can rule on the Motion to Compel and Request for Sanctions, it must determine whether the parties conferred as required by Rule 37(a)(1), Rule 37(d)(1)(B), and D. Kan. Rule 37.2. Here, KCI's Motion to Compel and Request for Sanctions contains a certification that it in good faith attempted to confer with the Judgment Debtors by letter and telephone, but the Judgment Debtors were unresponsive. Because the Judgment Debtors have been unresponsive to KCI's conferral attempts, the Court will not order additional attempts at conferral before deciding the instant Motion.[21]

## IV. Discussion

### A. KCI's Request for the Judgment Debtors to Fully Respond to the Outstanding Discovery without Objection

As stated above, KCI served post-judgment discovery requests to the Judgment Debtors on April 5, 2019, making the responses due May 6, 2019.[22] The Judgment Debtors

---

[20] Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).
[21] *See, e.g., Luttrell v. Brannon*, No. 17-2137-HLT-GEB, 2018 WL 4469276, at *4 (D. Kan. Sept. 18, 2018) ("[T]o avoid further delay of resolution of the matter, the Court will address the merits of the Motion instead of returning the matter to the parties for additional conferral."); *CCPS Transp., LLC v. Sloan*, No. 12-2602, 2013 WL 2405545, at *1 (D. Kan. May 31, 2013) (stating that although the court can deny a motion on procedural grounds for failing to meet and confer, the court is within its discretion to address the merits of the argument).
[22] Thirty days from April 5, 2019 is May 5, 2019. However, May 5, 2019 was a Sunday, making the discovery responses due Monday, May 6, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

failed to respond. Thus, KCI sent each Judgment Debtor a letter on May 24, 2019, requesting their discovery responses by June 3, 2019. Again, the Judgment Debtors failed to respond. Because the Judgment Debtors failed to timely respond, the Court will grant KCI's request to compel responses to the outstanding discovery requests.[23]

The Court will also grant KCI's request that the Judgment Debtors answer the discovery requests without objection. Rule 33 provides the "grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[24] The same is true for requests for production of documents under Rule 34.[25] Mr. Ristick did not provide good cause during the hearing for why he failed to timely answer or object to any discovery request. The other Judgment Debtors did not show up for the hearing, and so the Court finds they too failed to present good cause.

Accordingly, the Court orders Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Angelo Jefferson, on behalf of himself and on behalf of Quality Used Cars,

---

[23] Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A) require responses within 30 days of service of the discovery requests.
[24] Fed. R. Civ. P. 33(b)(4).
[25] *See, e.g., McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2005 WL 1606595, at *4 (D. Kan. July 8, 2005) ("A party that fails to timely object to a request for production waives the right to contest the discovery request absent a showing of good cause for the belated objections. This principle is grounded in the plain language and the advisory committee notes of the Federal Rules of Civil Procedure. Rule 34(b) requires a response to a request for production to be served 'within 30 days after the service of the request' and further states that if 'the request is objected to . . . the reasons for the objection shall be stated.' 'The procedure in Rule 34 is essentially the same as that in Rule 33 [for interrogatories] . . . and . . . the discussion in the note appended to that rule is relevant to Rule 34 as well.'") (internal citations omitted); *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-KGS, 2009 WL 10688222, at *2 (D. Kan. Nov. 25, 2009) ("A party that fails to timely object to a request for production waives the right to contest the discovery request absent a showing of good cause for the belated objections.") (internal citation omitted).

LLC, to fully and without objection respond to KCI's First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production Documents by **November 6, 2019**. **The Judgment Debtors are ordered to bring their responses to Court on November 6, 2019 for a 10:00 AM[26] hearing regarding the same.** Additionally, as ordered by Court on October 4, 2019, Mr. Ristick, in addition to bringing his completed discovery responses, is also ordered to bring (1) all tax information in his immediate possession; (2) all pay stubs from Lucky 7 Used Cars, LLC; Lucky 7 Discount Auto Sales, LLC; Quality Used Cars, LLC, and any other recent employers; (3) rental agreement with landlord at current residence; and (4) titles to any vehicles in his possession.[27]

**<u>Failure to show up for the November 6, 2019 hearing with discovery responses may result in the undersigned certifying facts to the District Judge for a finding of contempt of this Court's Orders, with possible sanctions to include monetary fines and/or incarceration.</u>**

**B. KCI's Request for Sanctions**

KCI also requests the Court to award reasonable expenses caused by the Defendants' failure to respond to the post-judgment discovery requests. Rule 37(d)(3) allows for sanctions when a party fails to respond to discovery after being properly served.

---

[26] **Note this is a change in date than what was stated during the October 4th hearing. During the October 4th hearing, a follow-up hearing was set for November 5, 2019 at 10:00 am. However, that has been rescheduled for November 6, 2019 at 10:00 am.**

[27] At the October 4, 2019 hearing, the Court allowed KCI's counsel to question Mr. Ristick regarding the categories outlined in the outstanding discovery requests.

That subsection states "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."[28] It is within the Court's discretion whether to impose sanctions.[29] "In considering the imposition of sanctions, the court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."[30]

The Court finds it appropriate to order David Ephrem, Danny Ephrem, Tom Ephrem and Angelo Jefferson, on behalf of himself and on behalf of Quality Used Cars, LLC, to pay KCI's reasonable expenses, including attorney fees, caused by these Judgment Debtors' failure to respond to the discovery requests. The Court finds these Judgment Debtors were properly served with the post-judgment discovery requests upon KCI's mailing of the requests to their last known addresses.[31] These Judgment Debtors did not respond to the Motion to Compel and Request for Sanctions or show up for the October 4, 2019 hearing. Thus, they have not presented any reason for why their failure to respond was substantially justified or presented any circumstances making an award of sanctions unjust.

---

[28] Fed. R. Civ. P. 37(d)(3).
[29] *See, e.g., Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999).
[30] *Id.* (internal citations omitted).
[31] ECF No. 40, pp. 3-4, n.1; *see* Fed. R. Civ. P. 5(a)(1)(C), (b)(2)(C).

However, the Court will not order sanctions against Mr. Ristick.  The Court finds such an award would be unjust under the circumstances because Mr. Ristick appeared for the October 4, 2019 hearing while the other Judgment Debtors did not.

**IT IS THEREFORE ORDERED** that KCI's Motion to Compel and Request for Sanctions (ECF No. 40) is **GRANTED** as to David Ephrem, Danny Ephrem, Tom Ephrem and Angelo Jefferson, on behalf of himself and on behalf of Quality Used Cars, LLC, and is **GRANTED IN PART AND DENIED IN PART** as to Barry Ristick.  All Judgment Debtors shall fully and without objection respond to KCI's post-judgment interrogatories and requests for production of documents by **November 6, 2019, and shall bring such responses to the in-person hearing set for November 6, 2019 at 10:00 AM**.  Mr. Ristick shall also bring the additional documents described in Section IV.A. above.  All Judgment Debtors except for Barry Ristick are ordered to pay KCI's reasonable expenses, including attorney's fees, caused by their failure to respond to the discovery requests.  KCI shall submit documentation regarding expenses and fees to the Court by November 6, 2019.

**IT IS FURTHER ORDERED** that the Clerk shall mail this Memorandum and Order to the Judgment Debtors at their last known addresses as follows:

Angelo Jefferson
8001 E. Orme
Wichita, KS 67207

Barry Ristick
8019 E. Orme Street
Wichita, KS 67207

Danny Ephrem
8002 E. Peach Tree Lane
Wichita, KS 67207

David Ephrem
6502 E. 15th Street N
Wichita, KS 67206

Tom Ephrem
6502 E. 15th Street N
Wichita, KS 67206

Quality Used Cars, LLC
Registered Agent and Managing Member: Angelo Jefferson
8019 E. Orme Street
Wichita, KS 67207

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2019 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge