IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCI AUTO AUCTION, INC., | ) |
| Judgment Creditor, | ) ) ) |
| vs. | ) Case No. 19-1040-EFM-GEB ) |
| TOM EPHREM, et al., | ) ) ) |
| Judgment Debtors. | ) ) |

**MEMORANDUM AND ORDER
ON ATTORNEY FEES**

This matter is before the Court on Judgment Creditor KCI Auto Auction, Inc.'s Motion to Enforce Order Requiring Defendants Tom Ephrem, David Ephrem, Danny Ephrem, Angelo Jefferson, and Quality Used Cars, LLC ("Judgment Debtors") to Make Payment to KCI of the Court-Ordered Attorney Fees, Costs, and Expenses (**ECF No. 52**). No response was filed by any Judgment Debtor, and the Court is prepared to rule. After review of the Creditor's briefing, and consideration of all information presented in the Court's prior hearings on October 4 and November 6, 2019, the Court **GRANTS IN PART and DENIES IN PART** the motion.

I.  **Background**

The dispute between KCI Auto Auction, Inc. ("KCI") and Tom Ephrem, David Ephrem, Danny Ephrem, Angelo Jefferson, and Quality Used Cars, LLC (collectively the "Judgment Debtors") began in the United States District Court for the Western District of Missouri in *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al.,* Case No. 17-06086-CV-

SJ-NKL, in July 2017.[1] In that suit, KCI brought a diversity action against the Judgment Debtors and others for breach of contract and several other claims.[2] Ultimately, the District Court in the Western District of Missouri entered a Consent Judgment in favor of KCI and against each of the Judgment Debtors jointly and severally in the amount of $300,000.00.[3] For a more detailed discussion of the underlying lawsuit, see this Court's Memorandum and Order filed October 22, 2019.[4]

On February 22, 2019, KCI registered its foreign judgment against Anderson in this Court.[5] KCI made several attempts to learn about the Judgment Debtors' assets, property, and income from which the foreign judgment might be satisfied.[6] When the Debtors failed to respond to discovery requests, KCI filed a motion to compel and sought sanctions.[7]

When the Judgment Debtors did not respond to KCI's Motion to Compel, this Court filed a Notice of Hearing and Order to Show Cause for the Judgment Debtors to appear in person on October 4, 2019.[8] KCI appeared at the October 4 hearing through its counsel.

---

[1] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, No. 17-06086-CV-SJ-NKL (W. Dist. Mo., filed July 24, 2017).
[2] *Id.* at First Am. Compl. (ECF No. 41, filed Sept. 12, 2017)).
[3] *Id.* at Consent Judgment (ECF No. 97 at 1, filed Jan. 5, 2018).
[4] Mem. and Order, ECF No. 50 (citing Order on Pl.'s Motion for Sum. J. in *KCI Auto Auction, Inc.*, No. 17-06086-CV-SJ-NKL (W. Dist. Mo., filed April 13, 2018)).
[5] ECF No. 1.
[6] *See, e.g.*, Applications for Writs of Execution (ECF Nos. 6-11); Writs (ECF Nos. 14-19); Certificates of Service of discovery requests (ECF Nos. 20-21); Application (ECF No. 31) and Second Writs (ECF Nos. 32-37).
[7] ECF No. 40.
[8] ECF No. 41.

Barry Ristick was the only Judgment Debtor to appear for the October 4 hearing.[9] All other Judgment Debtors failed to appear.

After the hearing the undersigned ordered all Judgment Debtors, aside from Mr. Ristick, to pay KCI's attorney fees incurred in connection with the Debtors' failure to respond to the discovery.[10] Because Mr. Ristick appeared for the hearing, he was not ordered to pay any part of the fees and expenses.[11] The Court ordered KCI to submit documentation regarding expenses and fees to the Court by November 6, 2019.[12]

Following the Court's Order, KCI filed its instant motion for attorney fees (ECF No. 52), to which the Court now turns.

## II.    KCI's Request

In its motion, KCI contends it will have incurred through the November 6 hearing date a total of $19,126.21 in reasonable expenses. This sum includes Mr. Stewart's attorney fees at $295 per hour and expenses associated with court filings and other work pertaining to counsel's post-judgment attempts to gather information from the Judgment Debtors. In Exhibit 1 attached to KCI's motion, the attorney fees and expenses are outlined by date order and briefly explained. KCI's counsel contends his hourly rate is

---

[9] At the October 4, 2019 hearing, Mr. Ristick stated he was in the process of hiring an attorney to represent him in this matter. However, no attorney appeared at the October 4, 2019 hearing on Mr. Ristick's behalf. No attorney has since entered his or her appearance on behalf of Mr. Ristick.
[10] Mem. and Order, ECF No 50 at 9-10.
[11] *Id.* at 10.
[12] *Id.*

"commensurate with the prevailing and recognized rates for attorneys of similar experience litigating in the Kansas City region."[13]

KCI asks the Court to order Tom Ephrem, David Ehprem, Danny Ephrem, Angelo Jefferson and Quality Used Cars, LLC to be jointly and severally liable for the $19,126.21 in fees and to make payment to KCI within seven days of such order. In the event the named Debtors fail to make such a payment, KCI asks that the Court enter contempt orders.

## III. Legal Standard

This Court has already determined KCI is entitled to reasonable attorney fees and expenses. The question now before the Court is how to determine the amount of those attorney fees and expenses. Reasonable attorney fees awarded for failure to respond to discovery are typically calculated using the lodestar approach.[14] The lodestar figure is computed by multiplying the reasonable hours spent by counsel on the discovery issue by a reasonable hourly rate.[15] The party seeking fees bears the burden to prove it is entitled

---

[13] ECF No. 52 at 2.
[14] *Rogers v. Bank of Am., N.A.*, No. 13-1333-CM-TJJ, 2014 WL 6632944, at *1 (D. Kan. Nov. 21, 2014) (citing *Kayhill v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 197 F.R.D. 454, 459 (D. Kan. 2000) (citing *Jane L. v. Bangerter,* 61 F.3d 1505, 1509 (10th Cir.1995)) (other internal citations omitted).
[15] *Id.* at *1 (citing *Kayhill,* 197 F.R.D. at 459 (citing *Jane L.*, 61 F.3d at 1509)). *See also Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.,* No. 09–2656–KHV, 2010 WL 4942110, at *4 (D. Kan. Nov. 30, 2010) (using "lodestar" method to determine reasonable attorney's fee under Fed. R. Civ. P. 37(a)(5)(C)); *see also Gudenkauf v. Stauffer Communications, Inc.*, 953 F. Supp. 1237, 1240 (D. Kan. 1997) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

to an award of fees, and to document the proper hours expended and hourly rates.[16] If the movant meets this burden, the lodestar amount is presumed to be a reasonable fee.[17]

There are, then, two prongs of analysis in the lodestar approach: (1) the reasonableness of the requesting attorney's hourly rate, and (2) the reasonableness of the hours spent by counsel. Each step is analyzed by the court in determining an appropriate fee.

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[18] "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[19] "Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate."[20] It is within the district court's discretion to determine the hourly rate

---

[16] *Rogers*, 2014 WL 6632944, at *1 (citing *Southern Star Cent. Gas Pipeline, Inc. v. Cline*, No. 10–2233-JAR-DJW, 2014 WL 186036, at *2 (D. Kan. Jan. 15, 2014) (citing *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249–50 (10th Cir. 1998)).
[17] *Id*. (citing *Southern Star Cent. Gas Pipeline,* 2014 WL 186036, at *2 (other internal citations omitted; *see also Gudenkauf v. Stauffer Communications, Inc*., 953 F. Supp. 1237, 1240 (D. Kan. 1997) (citing *Mertz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482, 1493 (10th Cir. 1994)).
[18] *Id*. at *2 (quoting *Case,* 157 F.3d at 1256).
[19] *Id*. (quoting *Blum,* 465 U.S. at 895 n. 11).
[20] *Id*. (quoting *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir. 1998) (quoting *Case,* 157 F.3d at 1257)).

5

used to determine the lodestar, because the trial judge is familiar with the case and the prevailing fee rates in the area.[21]

The second prong of the lodestar analysis is to determine whether the number of hours spent by counsel in seeking the discovery is reasonable. Again, the burden is on the party requesting fees to demonstrate the billed hour are reasonable "by submitting meticulous, contemporaneous time records that reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks."[22] In its discretion, the court also examines whether the applicant has exercised "billing judgment," and may reduce the number of hours devoted to specific tasks if the number of hours claimed by counsel includes hours that were "unnecessary, irrelevant, and duplicative."[23] If the court reduces the number of hours claimed by counsel, "the court need not identify and justify each disallowed hour but need only articulate reasons for a general reduction of hours needed to arrive at a reasonable number of hours."[24] The court is justified in reducing the reasonable number of hours if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time.[25]

---

[21] *Gudenkauf,* 953 F. Supp. at 1240 (citing *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).
[22] *Rogers*, 2014 WL 6632944, at *2 (quoting *Case,* 157 F.3d at 1250).
[23] *Id*. (citing *Case,* 157 F.3d at 1250*; Carter v. Sedgwick Cnty., Kan.,* 36 F.3d 952, 956 (10th Cir. 1994).
[24] *Id*. (citing *Case,* 157 F.3d at 1250).
[25] *Id*.; *see also Smith v. Century Concrete, Inc.*, No. 05-2105-JAR, 2007 WL 2155680 at *1 (July 25, 2007) (internal citations omitted).

## III. Discussion

With these legal principles in mind, the Court turns to KCI's request for attorney fees and expenses. In its motion, KCI requested $19,126.21 in fees and expenses.[26] This sum comprised of $983.71 for various expenses, including: postage ($35.48); photocopies ($128.23); travel expenses ($370) (mileage between counsel's office in Shawnee, Kansas and the Wichita courthouse); and vehicle title certifications ($450). The remainder of the fee request consists of $18,142.50 in attorney fees. KCI is represented by Shawn E. Stewart of the Stewart Law Firm, L.C., which billed 61.50 hours for the time spent on matters related to post-judgment discovery issues. In its motion, KCI asserts $295 per hour is the prevailing rate for attorneys of similar experience litigating in the Kansas City area.[27]

As part of the discussion regarding the attorney fees and expenses requested in this matter, it must be noted that KCI filed a companion lawsuit to this case: *KCI Auto Auction, Inc. v. Alonzo Anderson*, No. 19-1138-EFM-GEB.[28] Alonzo Anderson was another of the named defendants in the Missouri action, but because he did not agree to the judgment in that case and the court entered a separate summary judgment against him,[29] KCI registered

---

[26] ECF No. 52 at 1. See Exhibit 1 for detailed list of expenses.
[27] ECF No. 52 at ¶ 3.
[28] *KCI Auto Auction, Inc. v. Alonzo Anderson*, No. 19-1138-EFM-GEB (D. Kan. filed July 17, 2018). A third case, *KCI Auto Auction, Inc. v. Alonzo Anderson, et al.*, No. 19-1137-EFM-GEB (D. Kan. filed Feb. 16, 2018), naming Anderson as well as the parties listed in No. 19-1040 and Lucky 7 Used Cars, was also filed. However, the Judgment Creditor has not pursued court action in No. 19-1137. The -1137 and -1138 cases were initially filed in 2018 in the District of Kansas with assigned "miscellaneous" action case numbers; however, when the matters became contested, the miscellaneous actions were converted into regular civil actions; hence the "19" case numbers.
[29] For a more detailed discussion of the underlying lawsuit, see this Court's Memorandum and Order at 2-4 (ECF No. 23, filed Oct. 22, 2019) (citing *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al.*, No. 17-06086-CV-SJ-NKL (W. Dist. Mo.) at Order on Pl. KCI Auto Auction's Motion for Sum. J., pp. 1-3 (ECF No. 115, filed April 13, 2018)).

the judgment separately. In *KCI v. Anderson*, like this case, KCI was unable to gather post-judgment discovery from Anderson. KCI filed a motion to compel Anderson to respond to discovery and asked the Court to order Anderson to show cause.[30] Both the instant matter and the Anderson case were heard together on October 4, 2019, but Anderson failed to appear.[31] The Court entered an order directing Anderson to pay KCI's reasonable expenses, including attorney fees, for his failure to respond to discovery.[32] KCI responded by filing a similar motion for attorney fees and expenses, in which it requested a total of $18,816.30.[33] Like the Judgment Debtors in this case, Anderson was ordered to appear on November 6, 2019 with discovery responses in hand, but he failed to appear during the November 6 hearing when the cases were again heard together. Given the related nature of this action and the simultaneous hearings, the Court must take this companion matter into consideration when reviewing the fees requested in both cases.

### A. Lodestar Analysis

#### 1. Reasonable Hourly Rate

The first prong of the Court's analysis in determining the lodestar is to examine the hourly rate charged by requesting counsel. Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community."[34] Unfortunately, Mr. Stewart did not provide any evidence or sworn affidavits to support his claim that his rate is in line

---

[30] Motion to Compel and Request for Sanctions, No. 19-1138-EFM-GEB, ECF No. 16 (filed May 23, 2019).
[31] *See* Mem. and Order, No. 19-1138-EFM-GEB, ECF No. 23 (filed Oct. 22, 2019).
[32] *Id*.
[33] Motion for Attorney Fees, No. 19-1138-EFM-GEB, ECF No. 25 (filed Nov. 5, 2019).
[34] *Rogers*, 2014 WL 6632944, at *2 (citing *Blum,* 465 U.S. at 895).

with the prevailing market rate. However, this is not fatal to his claim. If the Court is not provided adequate evidence of prevailing market rates, the Court may, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.[35] The Court, based on its knowledge and experience, agrees $295 per hour is a reasonable rate for the Kansas City area and counsel's expertise and experience. Additionally, in a 2017 opinion from this District, the market rates of lawyers in the Kansas City metropolitan area were thoroughly examined. Following that guidance, it appears the $295 per hour rate sought by KCI is reasonable, and in fact less than, the rates awarded in that case three years ago.[36] Therefore, in light of this previous analysis of that case and given its knowledge of and experience, the Court finds $295 per hour to be a reasonable rate.

2. **Reasonable Hours Expended**

Having found counsel's hourly rate to be reasonable, the Court turns to whether the number of hours expended by counsel were reasonable. As noted above, in its discretion, "[t]he Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary."[37] This forms the basis of the Court's primary concern for this fee request: many of the same billing entries requested in *KCI v. Anderson*, No. 19-1138-EFM-GEB, are also claimed in this matter.[38] In fact, the bulk of entries on the two

---

[35] *Id.* (quoting *Ellis,* 163 F.3d at 1203 (quoting *Case,* 157 F.3d at 1257)).
[36] *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1271 (D. Kan. 2017). As a result of the disputed rates and supporting evidence provided by opposing parties, the court in *Fox* thoroughly examined the market rates of lawyers in the Kansas City metro area and awarded counsel an hourly rate ranging from $350 per hour to $400 per hour.
[37] *Rogers*, 2014 WL 6632944, at *3 (citing, *e.g., Hensley*, 461 U.S. at 433).
[38] *Compare* Case No. 19-1040, ECF 53-1 *with* Case No. 19-1138, ECF No. 25-1.

9

requests are identical from September 13, 2019 through November 6, 2019.[39] The following billing entries are identical in both cases:

- 46.5 hours of attorney time (totaling $13,717.50);
- $128.23 for photocopies (dated October 4, 2019);
- $185 mileage (for the October 4, 2019 hearing);
- $450 Vehicle title certification (dated October 30, 2019); and
- $185 mileage (for the November 6, 2019 hearing).

The Court does not deny that Mr. Stewart should be appropriately reimbursed for his expenses. However, these items were billed twice—the same activity was sought from the Judgment Debtors in both cases. Therefore, in its discretion, the Court reduces these billed expenses by half to account for such duplication.

In addition to this reduction, the Court also compares those billed items that were not completely identical in both cases. Although the remainder of the charges were not entirely identical, in both this case and No. 19-1138-EFM-GEB, the same counsel prepared a substantially similar motion to compel in each case—but charged each matter separately as if preparing a new motion in each respective case. For example, in this action, counsel charged as follows:

- 5.25 hours for motion to compel (June 4, 2019);
- 1.75 hours to research and review caselaw on sufficiency of mailing notice of motion to compel (June 7, 2019); and

---

[39] Compare the expenses in this case, ECF No. 52-1, Ex. 1, to the expenses in No. 19-1138-EFM-GEB, ECF No. 25-1, Ex. 1.

- 5 hours of research on the same topic (June 17, 2019).

This brings the total number of hours spent on the motion to compel and mailing issue in this case to 12 hours of attorney time. And if that were all the time spent, the Court may not raise an eyebrow. But in No. 19-1138-EFM-GEB, counsel charges a total of 14 hours preparing *that* motion to compel.[40] When comparing the motions filed in each case, the Court notes there are some differences; however, the law cited in each is similar if not identical in parts, and the motions stem from the same Missouri action on the same set of facts. In sum, counsel billed <u>26 hours</u> to prepare two motions to compel that were substantially similar. For this reason, the Court finds the hours to be duplicative and unnecessary, and will also reduce by half the number of hours counsel spent working on the motion to compel. In this matter, the Court will permit 6 hours of attorney time between June 4, 2019 and June 17, 2019 for preparation of the motion to compel.

B.     **Permitted Fees and Expenses**

In the Court's discretion, applying the above reasoning and upon a detailed review of counsel's billing statement, the Court find the following charges should be included as reasonably incurred by Judgment Creditor KCI for the Judgment Debtors' failure to respond to discovery:

| Date | Hours/Expense | Allowed Amount |
|---|---|---|
| May 24, 2019 | 1.5 hours (sending discovery requests) | $442.50 |

---

[40] *See* No. 19-1138-EFM-GEB, ECF No. 25-1 (Ex. 1). In that case, counsel charged the following: 6 hours on preparing the motion to compel on May 22, 2019, and 8 hours on preparing the motion to compel on May 23, 2019, for a total of 14 hours preparing the motion to compel.

11

| | | |
|---|---|---|
| May 24, 2019 | USPS Postage | $35.48 |
| June 4, 7 and 17, 2019 | 6.0 hours (Prepare motion to compel) | $1,770.00 |
| Sept. 13, 2019 | .25 hours (review order issued by Court) | $73.75 |
| Oct. 4, 2019 | 5.375 hours (prepare for show cause hearing) | $1,585.63 |
| Oct. 4, 2019 | Photocopy expenses | $64.12 |
| Oct. 4, 2019 | Mileage – travel | $92.50 |
| Oct. 5, 2019 | 5.0 hours (travel to Wichita for hearing; investigate vehicles at Judgment Debtor properties) | $1,475.00 |
| Oct. 22, 2019 | .25 hours (review order issued by Court) | $73.75 |
| Oct. 30, 2019 | 2.0 hours (travel to Topeka; obtain information from Kansas Vehicle Title Service, Motor Vehicle Division) | $590.00 |
| Oct. 30, 2019 | Vehicle Title Certifications (for Judgment Debtor vehicle information) | $225.00 |
| Nov. 5, 2019 | .75 hours (draft Motion to Enforce) | $221.25 |
| Nov. 5, 2019 | 4.625 hours (prepare for Nov. 6 hearing) | $1,364.38 |
| Nov. 6, 2019 | 5.0 hours (travel to Wichita and presentation of argument at hearing) | $1,475.00 |
| Nov. 6, 2019 | Mileage – travel | $92.50 |
| | **TOTAL:** | **$9,580.86** |

**IV. Conclusion**

For the above reasons, the Court **grants** KCI's motion **in part** and finds Tom Ephrem, David Ehprem, Danny Ephrem, Angelo Jefferson and Quality Used Cars, LLC to be jointly and severally liable for the fees incurred by KCI's counsel in attempting to discover relevant and appropriate post-judgment information from the Debtors. The motion is **denied in part** in that the fee award is reduced to $9,580.86 and the payment is expected to be made to KCI within 21 days of the filing of this order. In the event the named Judgment Debtors fail to make such a payment, the Court will recommend additional contempt orders.[41]

**IT IS THEREFORE ORDERED** that KCI's Motion to Enforce Order Requiring Defendants Tom Ephrem, David Ephrem, Danny Ephrem, Angelo Jefferson, and Quality Used Cars, LLC ("Judgment Debtors") to Make Payment to KCI of the Court-Ordered Attorney Fees, Costs, and Expenses (**ECF No. 52**) is **GRANTED IN PART AND DENIED IN PART** as outlined above. Tom Ephrem, David Ehprem, Danny Ephrem, Angelo Jefferson and Quality Used Cars, LLC are jointly and severally **ORDERED** to make payment to KCI in the amount of **$9,580.86 within 21 days** of the filing of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail this Memorandum and Order to the Judgment Debtors at their last known addresses as follows:

Tom Ephrem
6502 E. 15th Street N
Wichita, KS 67206

---

[41] By separate order, the undersigned U.S. Magistrate Judge is filing an Order Certifying Facts to the District Judge recommending contempt (ECF No. 61) contemporaneously with this order.

David Ephrem
6502 E. 15th Street N
Wichita, KS 67206

Danny Ephrem
8002 E. Peach Tree Lane
Wichita, KS 67207

Angelo Jefferson
8001 E. Orme
Wichita, KS 67207

Quality Used Cars, LLC
Registered Agent and Managing Member: Angelo Jefferson
8019 E. Orme Street
Wichita, KS 67207

**IT IS SO ORDERED**.

Dated this 6th day of March, 2020 at Wichita, Kansas.

*/s/ Gwynne E. Birzer*
GWYNNE E. BIRZER
United States Magistrate Judge