IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.        )
                              )
          *Plaintiff*,        )
                              )
v                             )    Case No.: 19-1040-EFM
                              )
TOM EPHREM, *et al.*          )
                              )
          *Defendants*.       )
_____)

**MEMORANDUM AND ORDER**

Plaintiff/Judgment Creditor KCI Auto Auction, Inc. (KCI), obtained a judgment against Defendants/Judgment Debtors Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, Angelo Jefferson and Quality Used Cars, LLC in the United States District Court for the Western District of Missouri, and registered that foreign judgment in this Court.[1] Thereafter, KCI served each Judgment Debtor with post-judgment interrogatories and requests for document production. None of the Judgment Debtors responded, so KCI filed a motion to compel and request for sanctions against each of the Judgment Debtors. The Court filed a Notice of Hearing and Order to Show Cause, setting a responsive hearing date of October 4, 2019. Service of the Notice as to each Judgment Debtor was accomplished by mail, but the Court also directed the United States Marshal to personally serve them. But each Judgment Debtor evaded service, and other than Barry Ristick[2] none of them appeared at the hearing.

---

[1] The history of this case is long and complicated, but is set forth in more detail in an Order entered by the Magistrate Judge in this case on October 22, 2019, set forth at Doc. 50; and in an Order Certifying Facts entered by the Magistrate Judge in this case on March 6, 2020, set forth at Doc. 61.

[2] Ristick appeared personally, and informed the Court that he was in the process of hiring an attorney. However, no attorney has ever entered an appearance on behalf of Ristick.

After the Magistrate Judge assigned to this case heard evidence and argument at the October 4 hearing, the Court granted KCI's request to compel responses and for sanctions, although KCI's motion was granted in part and denied in part with respect to Ristick. Furthermore, the Court ordered that responses to KCI's discovery requests be made "fully and without objection," to the outstanding discovery requests.[3] The Court further ordered all Judgment Debtors to bring their responses to the Court for a hearing on November 6, 2019, and cautioned that failure to comply may result in a finding of contempt of this Court's orders, with possible sanctions including monetary fines and/or incarceration.

At the November 6, 2019 hearing, all Judgment Debtors appeared in person.[4] Not a single Judgment Debtor brought documentation to the hearing as ordered. Therefore, the Court allowed KCI's attorney to examine each Judgment Debtor under oath. Under the supervision of the Magistrate Judge, KCI's attorney examined the Judgment Debtors for approximately four hours, but "gained very little if any usable information related to the discovery sought."[5] The Magistrate Judge presiding over that examination/hearing found the testimony of all Judgment Debtors to be "completely lacking in credibility."[6] Therefore, the Magistrate Judge found that KCI's attorney had received "not a single response his requests for information."[7] Because the Magistrate Judge found that the Judgment Debtors (and all of them) had "failed to produce documents and failed to fully answer questions under oath,"[8] the Magistrate Judge certified to the District Judge that it was appropriate for a United States Marshal to serve a Show Cause

---

[3] In issuing the order that the Judgment Debtors respond to the discovery requests "without objection," the Magistrate Judge noted that Fed. R. Civ. P. 33 provides that grounds for objecting must be stated with specificity, and that any ground not stated in a timely filed objection is waived unless the court excuses the failure for good cause.
[4] Angelo Jefferson also appeared on behalf of Quality Used Cars, LLC.
[5] Order Certifying Facts, Doc. 61, p. 6.
[6] *Id.*, at p. 7.
[7] *Id.*, at p. 9.
[8] *Id.*

Order on each of the Judgment Debtors, requiring them to appear before the District Judge and show cause why they should not be held in contempt.

The undersigned District Judge issued a Show Cause Order, requiring each of the Judgment Debtors to appear on May 22, 2020, and show cause why they should not be held in contempt, or why other appropriate sanctions should not be imposed by the Court.[9]

The Unites States Marshal again attempted personal service on each of the five individual Judgment Debtors, who again evaded service. However, KCI mailed a copy of the Show Cause Order, as well as the Amended Show Cause order, including login information for the Zoom video conference, to each Judgment Debtor. The Court finds that under the facts of this case, such service was sufficient, effective and complete, pursuant to Fed. Rs. Civ. P. 77(d)(1) and 5(b)(2)(C). None of the Judgment Debtors appeared at this hearing.

A review of the record of proceedings in this case, both in the District of Kansas and in the Western District of Missouri,[10] convinces the Court that, due to the Judgment Debtor's persistent failure to adhere to court orders, including not just their failure to respond meaningfully to KCI's discovery requests at the November 6, 2019 hearing, but also each of their most recent failures to appear and show cause why they should not be held in contempt, they should be held in civil contempt. The Court further concludes that, due to each Judgment Debtor's practice of evading service by the U. S. Marshal, the United States Marshal should be directed to arrest each of the individual Judgment Debtors and bring them before the Court.

---

[9] This Order was subsequently amended to a hearing via Zoom conference, due to concerns related to the ongoing COVID-19 virus.

[10] A similar series of non-responsiveness, and failure to appear, by these Judgment Debtors occurred in the proceedings in the Western District of Missouri. The Court has not detailed those matters in this Order, but as noted in footnote 1, information regarding them may be obtained in Docs. 50 and 61 in this case.

**IT IS THEREFORE ORDERED** that Defendant/Judgment Debtors Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson are found to be in civil contempt of Court;

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to issue a Writ of Body Attachment, directing the United States Marshal for the District of Kansas to arrest and detain each of Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson and to bring each of them before the Court. The Marshal is authorized to use reasonable force in arresting each of them.

**IT IS FURTHER ORDERED** that Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson shall be incarcerated in a facility selected by the United States Marshal's Service until such time as each of them purges himself of contempt by answering, fully and completely and without objection, the discovery requests served upon him by Plaintiff/Judgment Creditor KCI Auto Auction, Inc. in this case.

**IT IS FURTHER ORDERED** that monetary sanctions in the amount of $500 a day shall accrue against each of Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson for each day of noncompliance following the date of this Order.

**IT IS FURTHER ORDERED** that each of Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson is enjoined from selling, transferring, pledging, encumbering or disposing of any assets owned by him or under his control, directly or indirectly, without further order of the Court, until such time as his contempt has been purged.

The Court notes that these sanctions are imposed for the purpose of requiring and enforcing compliance with the Court's prior orders, and to compensate KCI for expenses and losses sustained due to Judgment Debtors' noncompliance. As such, each Judgment Debtor,

Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson, himself holds the key to his own freedom from incarceration.  The coercive nature of the incarceration and of the fines will cease as soon as the Court is satisfied that each individual Judgment Debtor, Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson, has purged his own contempt by complying with the Court's order regarding KCI's discovery requests.

**IT IS SO ORDERED.**

Dated this 26th day of May, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE