IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.,

    *Plaintiff,*

vs.

TOM EPHREM, *et al.*,

    *Defendant.*

Case No. 6:19-cv-1040-EFM-GEB

**MEMORANDUM AND ORDER**

Before the Court is Defendant David Ephrem's Notice of Defendant's Intent to Assert Fifth Amendment Privilege Against Self-Incrimination (Doc. 117). In his filing, Defendant gives notice to the Court that he is asserting his Fifth Amendment privilege as to every interrogatory propounded by Plaintiff. For the following reasons, the Court finds Defendant's assertion insufficient, but will allow Defendant one additional opportunity to make a proper assertion of his Fifth Amendment privilege.

### I.  Factual and Procedural Background

Plaintiff/Judgment Creditor KCI Auto Auction, Inc. ("KCI"), obtained a judgment against Defendants/Judgment Debtors Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, Angelo Jefferson, and Quality Used Cars, LLC in the United States District Court for the Western

District of Missouri and registered that foreign judgment in this Court.[1]  Thereafter, KCI served each Judgment Debtor with post-judgment interrogatories and requests for document production. None of the Judgment Debtors responded, so KCI filed a motion to compel and request for sanctions against each of the Judgment Debtors.  The Court filed a Notice of Hearing and Order to Show Cause, setting a responsive hearing date of October 4, 2019.  Service of the Notice as to each Judgment Debtor was accomplished by mail, but the Court also directed the United States Marshal to personally serve them.  Each Judgment Debtor evaded service and, other than Barry Ristick,[2] none of them appeared at the hearing.

After the Magistrate Judge heard evidence and argument at the October 4 hearing, the Court granted KCI's request to compel responses and for sanctions, although KCI's motion was granted in part and denied in part with respect to Ristick.  Furthermore, the Court ordered that responses to KCI's discovery requests be made "fully and without objection" to the outstanding discovery requests.[3]  The Court further ordered all Judgment Debtors to bring their responses to the Court for a hearing on November 6, 2019, and cautioned that failure to comply may result in a finding of contempt of this Court's orders, with possible sanctions including monetary fines and/or incarceration.

---

[1] The history of this case is long and complicated, but is set forth in more detail in an Order entered by the Magistrate Judge on October 22, 2019, at Doc. 50; and in an Order Certifying Facts entered by the Magistrate Judge on March 6, 2020, at Doc. 61.

[2] Ristick appeared personally and informed the Court that he was in the process of hiring an attorney. However, no attorney has ever entered an appearance on behalf of Ristick.

[3] In issuing the order that the Judgment Debtors respond to the discovery requests "without objection," the Magistrate Judge noted that Fed. R. Civ. P. 33 provides that grounds for objecting must be stated with specificity, and that any ground not stated in a timely filed objection is waived unless the court excuses the failure for good cause.

At the November 6, 2019 hearing, all Judgment Debtors appeared in person. Not a single Judgment Debtor brought documentation to the hearing as ordered. Therefore, the Court allowed KCI's attorney to examine each Judgment Debtor under oath. Under the supervision of the Magistrate Judge, KCI's attorney examined the Judgment Debtors for approximately four hours, but the judge noted that the examination gained very little if any usable information related to the discovery sought. The Magistrate Judge also found the testimony of all Judgment Debtors to be completely lacking in credibility. Thus, the judge noted that KCI's attorney had not received a single response to his requests for information. Because the Magistrate Judge found that the Judgment Debtors had failed to produce documents and failed to fully answer questions under oath, the Magistrate Judge certified to the District Judge that it was appropriate for a United States Marshal to serve a Show Cause Order on each of the Judgment Debtors, requiring them to appear before the District Judge and show cause why they should not be held in contempt.

The undersigned therefore issued a Show Cause Order, requiring each of the Judgment Debtors to appear on May 22, 2020, and show cause why they should not be held in contempt, or why other appropriate sanctions should not be imposed by the Court.[4] The Unites States Marshal again attempted personal service on each of the five individual Judgment Debtors, who again evaded service. However, KCI mailed a copy of the Show Cause Order, as well as the Amended Show Cause order, including login information for the Zoom video conference, to each Judgment Debtor. None of the Judgment Debtors appeared at the hearing.

---

[4] This Order was subsequently amended to a hearing via Zoom conference, due to concerns related to the ongoing COVID-19 virus.

After a review of the record of proceedings in this case, both in the District of Kansas and in the Western District of Missouri,[5] the Court held that due to the Judgment Debtor's persistent failure to adhere to court orders, including not just their failure to respond meaningfully to KCI's discovery requests at the November 6, 2019 hearing, but also each of their failures to appear and show cause why they should not be held in contempt, they should be held in civil contempt. The Court further concluded that, due to each Judgment Debtor's practice of evading service by the U.S. Marshal, the U.S. Marshal should be directed to arrest each of the individual Judgment Debtors and bring them before the Court.

The Court ordered the Clerk of Court to issue a Writ of Body Attachment against Defendants Tom Ephrem, David Ephrem, Barry Ristick, Danny Ephrem, and Angelo Jefferson. Tom Ephrem, David Ephrem, and Danny Ephrem were taken into custody on August 20, 2020, while Ristick and Jefferson remain at large. Shortly after they were detained, appearances were entered on behalf of the three Ephrem defendants, and counsel for the three defendants filed motions for release from custody. Defendant David Ephrem also filed his Notice of Defendant's Intent to Assert Fifth Amendment Privilege Against Self-Incrimination. The Court heard argument on the motions on September 4, 2020. Defendants appeared in person and through counsel, and Plaintiff KCI appeared through counsel Shawn Stewart.

After argument, the Court found that Defendants had once again failed to produce the compelled discovery in good faith and that they remained recalcitrant in their defiance of its orders. Thus, the Court denied Defendants' motions for release orally on the record. The Court took

---

[5] A similar pattern of non-responsiveness and failure to appear by these Judgment Debtors occurred in the proceedings in the Western District of Missouri. The Court has not detailed those matters in this Order, but as noted in footnote 1, information regarding them may be obtained in Docs. 50 and 61 in this case.

Defendant David Ephrem's Notice of Intent to Assert Fifth Amendment Privilege Against Self-Incrimination under advisement.

Defendant David Ephrem's Notice of Defendant's Intent to Assert Fifth Amendment Privilege Against Self-Incrimination provides notice to the Court that David Ephrem intends to assert his Fifth Amendment privilege as to all twenty-four interrogatories propounded by Plaintiff on the basis that providing answers to the interrogatories may give evidence that he perjured himself at the November 6, 2019 hearing.

## II.     Legal Standard

Rule 69 provides that that a judgment creditor "may obtain discovery from any person—including the judgment debtor" in aid of the judgment.[6] In the context of Rule 69 proceedings, "claims of privilege must be carefully and sympathetically evaluated to determine whether the information sought could be incriminating."[7] Although "[t]he interest in collecting judgments cannot override the interest in protecting legitimate Fifth Amendment claims," "[f]acilitating the collection of judgments through Rule 69 proceedings serves important interests that should not be defeated by frivolous claims of privilege."[8]

## III.     Analysis

The Fifth Amendment privilege can be asserted in a civil action to protect "against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could

---

[6] Fed. R. Civ. P. 69(a)(2).

[7] *United States v. Jones*, 703 F.2d 473, 478 (10th Cir. 1983).

[8] *Id.* (citing *Lefkowitz v. Turley*, 414 U.S. 70, 78–79 (1973)).

lead to other evidence that might be so used."[9] This privilege does not, however, exonerate a witness "from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination."[10] Rather, the party invoking the privilege must show that a compulsory response to "individual questions . . . will pose a substantial and real hazard of subjecting them to criminal liability."[11] The Court then evaluates "the incriminatory potential of questions asked."[12]

Here, Defendant makes no specific claim of privilege as applied to individual questions asked in the interrogatories, but rather makes the blanket assertion that he intends to assert his Fifth Amendment privilege as to all twenty-four interrogatories propounded. In his brief, Defendant merely asserts that because the interrogatories cover the same material as that discussed before the Magistrate Judge, Defendant "is at real risk of committing perjury" if his interrogatory answers differ from those given on November 6, 2019. This blanket assertion is insufficient as it does not provide facts or context from which the Court could analyze whether Defendant's apprehension of criminal prosecution is reasonable under the circumstances.[13] Furthermore, this Court has reviewed the November 6, 2019 hearing transcript and Plaintiff's requested interrogatories, and it appears that much of the requested discovery does not overlap with the testimony requested of, or

---

[9] *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972) (citations omitted).

[10] *Hoffman v. United States*, 341 U.S. 479, 486 (1972).

[11] *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987) (citing *Hoffman*, 341 U.S. at 486).

[12] *Jones*, 703 F.2d at 476 (citing *Hoffman*, 341 U.S. at 487).

[13] *See Schmidt*, 816 F.2d at 1482 ("At the appropriate time, appellants may interpose their claim of Fifth Amendment privilege . . . in response to individual questions upon their reasonable belief that a compulsory response by them to these testimonial matters will pose a substantial and real hazard of subjecting them to criminal liability. At that time, the appropriate parties could then seek judicial determination on each claim of privilege with respect to the specific . . . questions asked by the IRS.") (citations omitted); *see also Bruns v. Comm'r*, 98 F. App'x 811, 814 (10th Cir. 2004) (affirming Tax Court's dismissal of party's assertion of "general and blanket privilege").

-6-

given by, Defendant at the hearing. Thus, the Court finds no basis on the face of Defendant's claim that responding to the requested interrogatories could incriminate him.

Because courts must "jealously guard"[14] the Fifth Amendment privilege, the Court will allow Defendant one final opportunity to properly assert his Fifth Amendment privilege.[15] Defendant must file a brief explaining in detail the factual and legal basis for his belief that he has "reasonable cause to apprehend danger from"[16] directly answering each of the interrogatories he still refuses to answer.[17]  This brief shall include citations to the November 6, 2019 hearing transcript for each identified discovery question that he asserts could put him at peril for perjury from his prior answers.  Defendant shall not assert a blanket claim of privilege as to any interrogatory requesting multiple subparts (e.g., Interrogatory No. 24), but rather should explain the legal and factual basis for assertion of the privilege as to each relevant subpart.  If Defendant may safely respond to one subpart, but not another, Defendant should provide Plaintiff with responses to the subparts for which he does not intend to assert the privilege.  The other in custody defendants who have not heretofore raised privilege claims, may also submit privilege claims pursuant to these requirements.

---

[14] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 498 (D. Kan. 1998).

[15] Although Defendant waived all objections by his failure to timely respond to Plaintiff's requested interrogatories, the Court may excuse the failure for good cause.  Fed. R. Civ. P. 33(b)(4).  Because Defendant's asserted Fifth Amendment privilege claim arises not from the nature of the information requested in the initial interrogatory, but from the risk of giving evidence of his own perjury by providing a different answer than that provided at the November 6, 2019 hearing, the Court finds that an appropriate Fifth Amendment claim may still be made upon showing of good cause.

[16] *Hoffman*, 341 U.S. at 486 (holding that the protection of the Fifth Amendment is "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer").

[17] Other courts have given parties similar directives in similar cases.  *See, e.g.*, *Starlight Int'l, Inc.*, 181 F.R.D. at 498; *Tibble v. Daniels*, 2016 WL 3167257, at *4 (W.D. Mo. 2016).

Any brief raising privilege claims by any defendant shall be filed within twenty-one days of the date of this order and may be filed ex parte and under seal to avoid any risk that explaining why he cannot answer may incriminate him. After the Court has reviewed this brief, it will rule on the propriety of the invocation for each question. If any Defendant fails to file a brief within twenty-one days of the date of this order, or fails to assert any privilege claim he may have within a timely filed brief, or again asserts only a blanket invocation of the privilege, any specific claims of privilege he may have otherwise had to the discovery questions will be deemed waived.

**IT IS THEREFORE ORDERED** that Defendant David Ephrem's Notice of Defendant's Intent to Assert Fifth Amendment Privilege Against Self-Incrimination (Doc. 117) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that each Defendant shall each have twenty-one days from the date of this order to file detailed briefing on any Fifth Amendment privilege claims they assert in response to Plaintiff's requested interrogatories. Any claims of privilege not briefed to the Court within twenty-one days of the date of this order will be deemed waived.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2020.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE