IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.,

*Plaintiff,*

vs.

Case No. 6:19-cv-01040-EFM-GEB

TOM EPHREM, *et al.*,

*Defendant.*

**MEMORANDUM AND ORDER**

On May 26, 2020, the undersigned held Defendants/Judgment Debtors Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, and Angelo Jefferson in civil contempt for repeated failure to respond to post-judgment discovery requests, failure to respond to orders of this Court, and failure to appear.[1] At that time, the Court ordered the Clerk of Court to issue a Writ of Body Attachment directing the U.S. Marshal to arrest and detain Defendants until such time they purge themselves of their contempt. Although Defendants Tom Ephrem, David Ephrem, and Danny Ephrem were arrested by U.S. Marshals on August 20, 2020, Defendants Jefferson and Ristick continue to evade arrest. The U.S. Marshals Service now seeks clarification regarding whether the "reasonable force" authorized in the Writ of Body Attachment includes forcible entry into a dwelling. This Court holds that it does.

---

[1] Doc. 81.

-2-

Although this Court could not find authority analyzing what constitutes reasonable force in the context of a writ of body attachment, many courts, including the Seventh Circuit Court of Appeals, have directed the U.S. Marshals to make forcible entry into the known residence of one subject to arrest for civil contempt.[2] This Court also finds the U.S. District Court for the Eastern District of California's analysis in *Schmidt v. United States*[3] to be persuasive. There, in granting summary judgment against plaintiffs who had brought a claim against U.S. Marshals for false imprisonment, the court held that a contempt order "constituted a valid warrant pursuant to Fed.R.Civ.P. 4.1(b)" and that "there is no reason why the enforcement provision of civil Rule 4.1 is not equal in stature to that of criminal Rule 41."[4] The U.S. Marshals therefore "had every right" to enter the plaintiffs' residence "without an additional search or arrest warrant, because Rule 4.1(b) provided them with the authority to compel compliance with the judge's contempt order."[5] Further, the court held that the civil arrest warrant was adequate to detain the residents of the home until the resident subject to the contempt order was arrested.[6]

---

[2] *See, e.g.*, *N.L.R.B. v. HH3 Trucking, Inc.,* 2013 WL 828349, at *1 (7th Cir. 2013); *Cascade Capital, LLC v. DRS Processing LLC*, 2018 WL 4705559, at *3–4 (W.D.N.C. 2018); *Meineke Car Care Ctrs., LLC v. ASAR Inc., LLC*, 2016 U.S. Dist. LEXIS 26007, at *10 (W.D.N.C. 2016); *Gomez v. Mylooks, Inc.*, 2014 U.S. Dist. LEXIS 188872, at *2–3 (S.D. Fla. 2014); *Spotnana Inc. v. Am. Talent Agency, Inc.*, 2014 WL 7191400, at *9 (S.D.N.Y. 2014); *Young Again Prods. v. Acord*, 2009 U.S. Dist. LEXIS 131677, at *3 (D. Md. 2009), *aff'd*, 459 F. App'x 294 (4th Cir. 2011); *Bank of Credit & Commerce Int'l v. Tamraz*, 2006 WL 1643202, at *6 (S.D.N.Y. 2006); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 18–19 (D.D.C. 2001), *aff'd,* 75 F. App'x 3 (D.C. Cir. 2003).

[3] 2013 WL 5492311 (E.D. Cal. 2013), *report and recommendation adopted,* 2014 WL 576196 (E.D. Cal. 2014), *aff'd in part,* 678 F. App'x 573 (9th Cir. 2017).

[4] *Id.* at *8.

[5] *Id.* at *9.

[6] *Id.* at *11.

Additionally, similar to the matter now before the Court, in *United States v. Carter*,[7] the U.S. District Court for the Western District of North Carolina held a defendant in civil contempt and issued a bench warrant for her arrest.[8]  There, "[a] team of six U.S. Marshals and three local law enforcement officers knocked on Defendant's door for about forty-five minutes" on January 9, 2018, and although no one answered, "the arrest team observed lights turning on and off inside the house and Defendant's two parked cars inside the garage."[9]  Because the arrest team was unsuccessful, the government requested clarification as to "whether or not reasonably necessary acts or force could be used to arrest Defendant."[10]  Finding that it did, the court ordered the U.S. Marshals to "take all reasonable actions to execute the bench warrant" and the defendant was later arrested.[11]

Here, Defendants were found in civil contempt of court on May 26, 2020.  Defendants Ristick and Jefferson have continued to fail to comply with this Court's orders and have evaded the U.S. Marshals Service for nearly four months.  Moreover, residents of Ristick's home have refused entry to the U.S. Marshals Service, despite a valid Writ of Body Attachment issued by this Court.  Thus, this Court holds that forcible entry into the premises where Defendants are reasonably believed to be located constitutes reasonable force under the Writ of Body Attachment issued May 26, 2020.

---

[7] 2018 WL 4387635 (W.D.N.C. 2018).

[8] *Id.* at *2.

[9] *Id.*

[10] *Id.*

[11] *Id.*

**IT IS THEREFORE ORDERED** that the authorization of reasonable force in the Writ of Body Attachment issued May 26, 2020, includes the ability to make forcible entry into any dwelling where the U.S. Marshal has a reasonable basis for belief that a defendant is located, and where entry has otherwise been refused.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE