# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.,

    *Plaintiff,*

vs.

TOM EPHREM, *et al.*,

    *Defendant.*

Case No. 6:19-cv-01040-EFM-GEB

## MEMORANDUM AND ORDER

Before the Court is Defendant David Ephrem's Brief in Response to Court's Memorandum and Order (Doc. 130). In his filing, Defendant requests that the Court sustain his objections to Plaintiff's Interrogatories Nos. 3, 6, 10, 15, 24(b), 24(e), and 24(h) on the basis that his Fifth Amendment privilege against self-incrimination protects him from such disclosures. For the reasons discussed below, the Court denies the motion.

### I.     Legal Standard

Rule 69 provides that that a judgment creditor "may obtain discovery from any person—including the judgment debtor" in aid of the judgment.[1] In the context of Rule 69 proceedings, "claims of privilege must be carefully and sympathetically evaluated to determine whether the

---

[1] Fed. R. Civ. P. 69(a)(2).

information sought could be incriminating."[2] Although "[t]he interest in collecting judgments cannot override the interest in protecting legitimate Fifth Amendment claims," "[f]acilitating the collection of judgments through Rule 69 proceedings serves important interests that should not be defeated by frivolous claims of privilege."[3]

## II. Analysis

Defendant objects to Interrogatories Nos. 3, 6, 10, 15, 24(b), 24(e), and 24(h) on the basis of his Fifth Amendment privilege against self-incrimination. The Fifth Amendment privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might so be used."[4] Defendant does not claim that his responses are incriminatory on their face. Instead, he asserts that providing the interrogatories to Plaintiff could subject him to a charge of perjury because his proffered answers conflict with those he gave under oath on November 6, 2019.

After in camera review of Defendant's proffered responses, the Court finds that Defendant's answers do not implicate his Fifth Amendment privilege against self-incrimination. First, information regarding where Defendant has lived and whether he has filed his taxes, has bank accounts or credit cards, has taken out car loans, or is related to his co-defendants is not

---

[2] *United States v. Jones*, 703 F.2d 473, 478 (10th Cir. 1983).

[3] *Id.* (citing *Lefkowitz v. Turley*, 414 U.S. 70, 78–79 (1973)).

[4] *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972) (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951); *Blau v. United States*, 340 U.S. 159 (1950); *Mason v. United* States, 244 U.S. 362, 365 (1917)).

incriminatory on its face. Further, Defendant's proffered interrogatory responses do not "pose a substantial and real hazard" of subjecting him to a perjury conviction.[5]

18 U.S.C. § 1621(1) provides that whoever:

having taken an oath before a competent tribunal . . . in any case in which a law of the United States authorizes an oath to be administered, that he will testify . . . truly . . . willfully and contrary to such oath states . . . any *material* matter which he does not believe to be true . . . is guilty of perjury.[6]

In analyzing § 1621, the Tenth Circuit has held that "[t]he test for materiality is whether the false statement has a natural tendency to influence or was capable of influencing the decision required to be made."[7] After reviewing Defendant's proffered responses in camera, the Court finds that Defendant's misstatements were not material as they were not capable of influencing a decision to be made. Because materiality is an essential element of perjury,[8] the Court finds that Defendant does not have "reasonable cause to apprehend danger" from providing the proffered responses to Plaintiff, even though they may conflict with his November 6, 2019 testimony.[9] Thus, Defendant's proffered responses do not implicate his Fifth Amendment privilege. The Court therefore overrules Defendant's objections and compels him to produce the requested post-judgment

---

[5] *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987) (holding that a valid Fifth Amendment claim requires a showing that a compulsory response "will pose a substantial and real hazard of subjecting" the witness to criminal liability) (citing *Hoffman*, 341 U.S. at 486).

[6] (Emphasis added).

[7] *United States v. Allen*, 892 F.2d 66, 67 (10th Cir. 1989) (citing *United States v. Girdner*, 773 F.2d 257, 259 (10th Cir.1985), *cert. denied*, 475 U.S. 1066 (1986)).

[8] *United States v. Fernandez-Barron*, 950 F.3d 655, 657–58 (10th Cir. 2019) ("To establish perjury, a district court must conclude the defendant (1) gave false testimony under oath, (2) about a material matter, and (3) the false testimony was willful and not the result of confusion, mistake or faulty memory.") (quoting *United States v. Rodebaugh*, 798 F.3d 1281, 1300 (10th Cir. 2015)).

[9] *Hoffman*, 341 U.S. at 486 (holding that the protection of the Fifth Amendment is "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer").

discovery responses to Plaintiff without redaction within seven calendar days of the date of this Order.

**IT IS THEREFORE ORDERED** that Defendant David Ephrem's Brief in Response to Court's Memorandum and Order (Doc. 130) is **DENIED** and his objections to Interrogatories Nos. 3, 6, 10, 15, 24(b), 24(e), and 24(h) on grounds of his Fifth Amendment privilege are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant shall produce his interrogatory responses without redaction to Plaintiff's counsel within seven calendar days of the date of this Order.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE